IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Harold Campbell, ) | |
| ) | Civil Action No. 6:11-03496-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Duke Energy Carolinas, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Duke Energy, LLC's ("Duke"), motion for summary judgment (ECF No. 41) and motion to exclude the plaintiff's purported expert (ECF No. 40). The parties have fully briefed both motions (ECF Nos. 44, 45, 48, 49) and the court has heard oral argument from counsel. For the reasons stated below, the court denies both motions.

## I. Background

The plaintiff, Harold Campbell ("Campbell"), brought this negligence and strict liability suit in the Greenville County Court of Common Pleas, seeking damages for injuries received when a raised dump truck bed contacted one of Duke's high voltage power lines.[1] Duke promptly removed the case to this court. In his amended complaint, Campbell alleges that Duke's negligence in not complying with safety codes, failing to warn, and failing to maintain the line caused his injuries. Duke moves this court for summary judgment in its favor, asserting that its line complied with all relevant safety codes, so Duke was not negligent, or, if Duke was negligent, Campbell's employer's negligence was an intervening superseding cause of Campbell's injuries. In response, Campbell argues that Duke's alleged compliance with safety codes, even if true, does not shield it from liability as a matter of law.

---

[1] According to the briefs, the parties have stipulated that the dump truck bed made contact with the line. (Def's Mot. Summ. J. 2 n.3, ECF No. 41-1)

In addition, Duke has moved to exclude Campbell's purported expert, Peter F. Coste ("Coste"), as not properly qualified under Federal Rule of Evidence 702(d) because his testimony and expert report are unreliable.

## II. Legal Standard

Summary judgment is appropriate if, after reviewing the entire record in a case, the court is satisfied that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under the governing substantive law. *Id*.

Under Federal Rule of Evidence 702, a qualified expert may offer opinion testimony if he has "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(d). "In undertaking its role as gatekeeper to ensure that proffered evidence is reliable pursuant to Fed.R.Evid. 702, the district court must decide whether the expert has 'sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case.'" *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 162 (4th Cir. 2012) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999)).

## III. Discussion

### a. Motion for Summary Judgment

From the briefs and oral argument, the court believes that at least one genuine issue of material fact remains: the height of the line at the time of the accident.

Duke has worked on the line since the day of the accident, so its height must be estimated from expert and witness reports. The experts on both sides have reported different ranges of

possible heights.[2] And, the witnesses have provided differing accounts of how the accident occurred, including the height to which the dump truck bed was raised when it contacted the wire.[3]

All parties concede that the relevant safety code is the 2007 National Electric Safety Code ("NESC"), which requires a vertical clearance of 18.7 feet. However, the record reveals a range of height estimates, both above and below the clearance requirement. In addition, while compliance with the NESC would certainly evidence a lack of negligence on Duke's part, whether Duke breached its duty of care, and the extent and nature of that duty, depends on the totality of the circumstances. *See Holmes v. Black River Elec. Coop., Inc.*, 274 S.C. 252, 257 (1980); *Elliot v. Black River Elec. Coop.*, 223 S.C. 233 (1958).[4]

The height of the line relates to all elements of Campbell's negligence claim. The surrounding circumstances – the high voltage line, public road subject to re-paving, etc. – help define the reasonable height at which Duke had a duty to place its line, at or above the minimum standard set by the NESC. The actual height of the line could determine whether Duke breached that duty. And, the extent to which Duke inspected and maintained the line, including inspecting the height of the line and complying with previously applicable versions of the NESC, contribute to the causation analysis.

---

[2] *See, e.g.,* ECF No. 41-1, Def.'s Mot. Summ. J., Mem. in Supp. 14 & n.64 (Duke's expert reporting a range from 20.62 to 20.64 feet); ECF No. 45-4, Coste Dep. 121:19-124:25, 125:12-126:15 (Campbell's expert reporting a range from 17 to 17.5 feet); ECF No. 45-15, Engineer's Supp. Report 2 (Campbell's expert reporting a height of 19.62 feet).

[3] *See, e.g.,* ECF No. 45-5, Davis Dep. 16:10-17:3, 31:4-35:8, 40:5-6, 47:1-2, 54:1-9; ECF No. 45-7, Robertson Dep. 48:1-21, 49:1-16; ECF No. 45-9, Stewart Dep. 20:13-17; ECF No. 45-11, Williams Dep. 16:8-17:10, 57:8-15.

[4] The court acknowledges Duke's argument that these cases are factually distinguishable because they both involve some sort of extraordinary circumstance requiring a heightened duty of care and the injured parties in both would not be charged with knowledge of power lines. However, in the court's view, these cases still stand for the proposition that compliance with the NESC does not end the negligence inquiry. The court reads *Burns v. Carolina Power & Light Co.*, 193 F.2d 525 (4th Cir. 1951), and *Foreman v. Atlantic Land Corp.*, 271 S.C. 130 (1978), in the same light. While those decisions came out in favor of the movants, the courts looked to more than compliance with the safety code. Specifically, those cases turn on foreseeability, a factual issue that the Fourth Circuit and South Carolina Supreme Court, respectively, felt comfortable deciding on the records before them, but that this court perceives as another material factual dispute based on the record before it.

Duke has presented evidence that it is not solely responsible for Campbell's injury. However, based on the record before it, the court cannot say, as a matter of law, that Duke is not also subject to some liability.

### b. Motion to Exclude Expert

Duke bases its motion to exclude primarily on Coste's use of the 1948, rather than 2007, NESC standard in his first report.[5] Duke also contests Coste's qualification as an expert, asserting that his experience lies on the customer, rather than utility, side of electrical engineering.

While Coste's initial report did incorrectly rely on the 1948 NESC standard, he later issued a supplemental report stating the 2007 NESC standard. In addition, in deposition testimony, Coste has clearly demonstrated that he knows the correct standard. As the Fourth Circuit has recently noted, "[w]hile there will be occasions when the proffered survey is so flawed as to be completely unhelpful to the trier of fact and therefore inadmissible, such situations will be rare." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 123 (4th Cir. 2011). This is not one of those rare occasions. Duke may raise its objections to Coste's work on cross-examination and allow the trier of fact to weigh the evidence.

As to Coste's expert qualifications, the court notes that the primary issue subject to expert testimony is the height of the power line. Duke has not objected to Coste's methods in his height calculations. And, in fact, Coste appears to apply the same methods to the same facts as Duke's expert. Based on the briefs, Coste's C.V., and the parties' representations at oral argument, the court finds that Coste is qualified to offer expert opinion on the height of the power line on the day of the accident.

---

[5] Duke even stated at oral argument that it did not contest Coste's final calculation, or methods for arriving at it, only his reliance on the 1948 NESC standard.

### IV. Conclusion

Accordingly, after a thorough review of the record, the court denies Duke's motion for summary judgment (ECF No. 41) and motion to exclude Campbell's expert, Peter F. Coste (ECF No. 40).

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Court Judge

Anderson, South Carolina  
June 5, 2013